UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRANCE MINEAU,

    Petitioner,

v.                                Case No. 21-C-623

WARDEN DYLAN RADTKE,

    Respondent.

# SCREENING ORDER

On May 19, 2021, Petitioner Terrance Mineau, who is currently serving a sentence at Green Bay Correctional Institution following the revocation of his extended supervision, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mineau had been serving a term of parole and extended supervision upon completion of terms of confinement imposed for several convictions. In 2012, Mineau pled no contest in Brown County Circuit Court to possession of drug paraphernalia and possession of THC as a repeat offender and was sentenced to three years imprisonment. In 2014, he pled guilty to battery or threat to a judge as a repeat offender and sentenced to five years imprisonment followed by three years of extended supervision. He was released to parole and supervision on May 8, 2018. In August 2019, following an administrative hearing, his supervision was revoked. It is the revocation of his supervision that he now challenges in federal court.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

> petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petition is timely and has set forth cognizable constitutional or federal law claims, and whether the petitioner has exhausted available state court remedies.

It appears from the attachments to Mineau's petition that a hearing on his revocation was held at the Brown County Jail on August 8, 2019, and a decision was issued on August 20, 2019. Dkt. No. 1-1 at 1–4. The Administrative Law Judge who presided over the hearing found that Mineau had violated the conditions of his supervision by absconding from supervision, changing his address without notifying his agent, consuming alcohol, giving a false name to a Green Bay Police Officer, possessing a crack/meth pipe, riding a bike without required lights, making vulgar and demeaning comments about Department of Corrections (DOC) staff, and threatening a DOC agent, a police officer, and a correctional officer. *Id.* at 2. The ALJ's findings were based on the testimony of a DOC officer and the police and corrections officers who were the objects of Mineau's threats, as well as Mineau's own admissions. After discussing possible alternatives to revocation and Mineau's rejection of such alternatives, the ALJ revoked Mineau's supervision and sentenced him to two years and twelve days in prison. Mineau appealed the ALJ's decision, challenging only the finding that he had violated the rules of supervision by threatening the agent and officers. The Wisconsin Division of Hearings and Appeals rejected his challenge and sustained the ALJ's decision on October 3, 2019. *Id.* at 5–6. The decision on his appeal included a notice of appeal rights advising Mineau that judicial review could be obtained by writ of certiorari in the county in which he was last convicted. The notice further advised that any action seeking a

remedy by certiorari "must be commenced within 45 days of the decision to be reviewed." *Id.* at 6. Forty-five days from October 3, 2019, was November 17, 2019.

Mineau did not file a writ of certiorari seeking judicial review of his revocation by November 17, 2019. Instead, he filed a petition for review with the Wisconsin Court of Appeals, though it is unclear when it was filed. *Id.* at 10–14. The court notified him by order dated November 18, 2020, that his petition was "misdirected" as that court did not have jurisdiction to review administrative proceedings in the current posture of his case. The court thereupon denied the petition. *Id.* at 15. In the meantime, Mineau also filed a petition for a writ of habeas corpus with the Wisconsin Supreme Court on November 9, 2020. *Id.* at 22. The court denied that petition by order dated March 24, 2021. *Id.* at 23. Mineau also filed misconduct charges against both his attorney and the ALJ at his revocation hearing, each of which was denied. *Id.* at 24–30.

From the foregoing, it is clear that Mineau is not entitled to federal relief. By not filing a petition for a writ of certiorari in the trial court, he failed to properly exhaust his state court remedies as is required under 28 U.S.C. § 2254(b)(1). Since it is now too late to do so, his failure to seek certiorari review constitutes a procedural default, which is an adequate and independent state ground for denial of relief not reviewable in federal court. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Mineau claims in his petition that he failed to file a timely petition for certiorari because his attorney told him there was nothing he could do and he did not have access to a law library. Dkt. No. 1 at 4. Neither reason would seem to amount to the kind of cause and prejudice needed to excuse a procedural default. Mineau had no constitutional right to counsel in seeking discretionary review by certiorari. *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991). Indeed, although persons under supervision have a statutory right to judicial review under Wisconsin law, Wis. Stat. § 893.735; *State ex rel. Griffin v. Smith*, 2004 WI 36, ¶¶ 22–23, 270

3

Wis. 2d 235, 677 N.W.2d 259, they have no right to such review under the United States Constitution. *See Morrisey v. Brewer*, 408 U.S. 471, 487–90 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 782–83 (1973). As to his second reason, Mineau offers no explanation as to why lack of access to a law library prevented him from filing a petition for certiorari. *Williams v. Buss*, 538 F.3d 683, 686 (7th Cir. 2008).

Turning to the merits, it is also clear that Mineau has failed to assert any claim arising out of his revocation proceedings that would be cognizable under § 2254. Federal relief under § 2254 is available only for claims arising under the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). An application for such relief cannot be granted unless the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). It is clear from the attachments to his petition that Mineau is challenging only the finding that he threatened the arresting officer, a correctional officer, and a probation agent. He claims his statements were not true threats that could subject him to criminal liability. *See Virginia v. Black*, 538 U.S. 343, 359 (2003) (noting the First Amendment permits a State to ban a "true threat"). In making this argument, however, Mineau is seeking to incorporate the "true threat" doctrine that applies to criminal convictions into the rules governing his supervision. *See United States v. Parr*, 545 F.3d 491, 497 (7th Cir. 2008). This is understandable since one of the convictions for which he was on supervision was for threatening a judge in violation of Wis. Stat. § 940.203(2). But Mineau is not serving a sentence for making new threats. His supervision was revoked for several different violations of his rules of supervision, including threatening a police officer, a corrections officer, and a parole agent. Dkt.

4

No. 1-1 at 1–2. The ALJ found that Mineau's threats constituted a violation of Rule 1 of the Standard Rules of Supervision, which requires persons under supervision to "[a]void all conduct which is in violation of federal or state statute, municipal or county ordinances, tribal law or which is not in the best interest of the public welfare or your rehabilitation." *Standard Rules of Community Supervision*, STATE OF WISCONSIN DEPARTMENT OF CORRECTIONS, *available at* https://doc.wi.gov/Pages /AboutDOC/CommunityCorrections/SupervisionRules.aspx (last visited June 14, 2021). Even if they did not constitute "true threats," Mineau's threats were "not in the best interest of the public welfare or [his] rehabilitation." *Id.* Because Mineau was still under sentence for other crimes, the state was not required to establish criminal liability under the "true threat" doctrine in order to revoke his supervision. At least, Mineau has failed to cite any clearly established federal law suggesting otherwise.

Finally, it is clear from the decision of the Administrator of the Division of Hearing and Appeals sustaining the ALJ's decision that Mineau's supervision would have been revoked even if his threats were not found to have violated the Standard Rules of Supervision. In sustaining the ALJ's decision, the Administrator noted:

> Mineau is on supervision, in part, for the serious offense-Battery/Threat to a Judge. During his supervision, Mineau struggled with reporting and ultimately absconded on May 9, 2019 and did not turn himself in but was arrested incident to a traffic stop on June 20, 2019. This behavior, standing alone, is sufficient to warrant revocation.

Dkt. No. 1-1 at 5. Mineau never challenged these findings. The Administrator went on to note that once in custody, Mineau made threats to the arresting officer, an agent, and a correctional officer, demonstrating his disrespect for authority. With this record, the Administrator reasonably concluded that the two-year sentence was appropriate. Mineau has failed to point to any violation of the Constitution, law, or treaties of the United States that would entitle him to relief.

5

For all of the foregoing reasons, I conclude that Mineau is not entitled to federal relief and his petition should be summarily dismissed.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.  A certificate of appealability will be **DENIED**.  I do not believe that reasonable jurists would believe that the petitioner has made a substantial showing of the denial of a constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Clerk is directed to enter judgment dismissing the case.

The petitioner is advised that the judgment entered by the Clerk is final.  A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  In the event the petitioner decides to appeal, he should also request that the court of appeals issue a certificate of appealability.

Dated at Green Bay, Wisconsin this 14th day of June, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge